UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACCANI DISTRIBUTING COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEAN CAUSE, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. 2:20-cv-01498-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendant Clean Cause, Inc.'s ("Defendant") Motion to Change Venue. (ECF No. 4.) Plaintiff Saccani Distributing Company ("Plaintiff") filed an opposition. (ECF No. 5.) Defendant filed a reply. (ECF No. 8.) For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Change Venue. (ECF No. 4.)

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a beverage distributor in Sacramento, California, brings the instant action for Defendant's alleged breach of a beverage distribution agreement (the "Agreement"). (*See* ECF No. 1.) Defendant manufactures and distributes an organic, sparkling yerba mate beverage. (*Id.* at 9; ECF No. 4 at 3.) The Agreement granted Plaintiff the exclusive right to distribute Defendant's product within 21 northern California counties (the "Territory"). (ECF No. 1 at 9–10.) Plaintiff alleges despite the exclusive distribution rights granted by Defendant in the Agreement, "Defendant unilaterally amended the Agreement by withdrawing [Plaintiff's] exclusive distribution rights for various locations throughout its Territory during the term of the Agreement and assigned them to other distributors in violation of the Agreement." (*Id.* at 10.)

On May 8, 2020, Plaintiff filed its lawsuit in Sacramento County Superior Court. (ECF No. 1 at 7–13.) On July 24, 2020, Plaintiff removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 1–5.) On August 6, 2020, Defendant filed the instant motion to change venue. (ECF No. 4.) On August 20, 2020, Plaintiff filed an opposition (ECF No. 5), and on August 28, 2020, Defendant filed a reply (ECF No. 8).

### II. STANDARD OF LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of 28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

///

///

2

**III.     ANALYSIS**

Defendant moves to transfer venue, arguing (1) the Agreement contains a valid forum-selection clause requiring all proceedings "arising from or [i]n any way connected to" the Agreement to be adjudicated in the State of New York, and (2) in the alternative, venue is proper in the U.S. District Court for the Eastern District of New York, the Southern District of New York, or the Western District of Texas. (*See* ECF Nos. 4, 8.) The Court declines to address Defendant's second argument about proper venue as it finds the Agreement contains a valid forum-selection clause. The Court will evaluate whether the forum-selection clause is permissive or mandatory, whether it is presumptively valid, and whether it requires the instant action to be adjudicated in the State of New York.

A.     <u>Permissive versus Mandatory Forum-Selection Clauses</u>

Plaintiff asserts in its opposition that the forum-selection clause at issue is permissive — not mandatory — and therefore does not *require* that disputes arising from the Agreement "be heard exclusively in New York." (ECF No. 5 at 4–5.) Defendant contends in reply that *Atlantic Marine* covers all valid forum-selection clauses, regardless of whether they are permissive or mandatory. (ECF No. 8 at 2–3 (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas* (*Atl. Marine*), 571 U.S. 49, 59 (2013)).)

*Atlantic Marine* is the Supreme Court's seminal case on forum-selection clauses, but it does not make any distinctions between permissive and mandatory forum-selection clauses. *See* 571 U.S. at 49. Prior to and following *Atlantic Marine*, district courts considering motions to transfer based on a forum-selection clause begin with an analysis of whether the clause is mandatory or permissive. *See, e.g.*, *Cooley v. Target Corp.*, No. SA CV 20-00876-DOC-JDE, 2020 WL 7230985, at * 2–3 (C.D. Cal. Oct. 12, 2020); *Thabet Mgmt., Inc. v. Nautilus Ins. Co.*, No. 6:20-cv-02111-AA, 2021 WL 2555127, at *3 (D. Or. Jun. 22, 2021). "The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced." *Cooley*, 2020 WL 7230985, at *3 (citing *Almont Ambulatory Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV-14-02139-MWF (VBKx), 2015 WL 1608991, at *45 (C.D. Cal. Apr. 10, 2015); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989)) (finding mandatory a forum-

3

selection clause which stated: "The parties agree that the *exclusive* forum and venue for any legal action arising out of or related to this Agreement shall be the [U.S.] District Court for the District of Minnesota . . . ." (emphasis in original)). "To be mandatory, a forum selection clause must contain wording suggesting that the parties intended to designate the specified forum as the *exclusive* forum." *Thabet Mgmt., Inc.*, 2021 WL 2555127, at *3 (emphasis in original) (citing *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, No. 3:18-cv-1470-SI, 2018 WL 4690364, at *2 (D. Or. Sept. 28, 2018)); *see, e.g.*, *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1157 (2020) (finding mandatory a forum-selection clause which required that any suit arising out of a loan and security agreement be instituted in the U.S. District Court for the district of the state in which plaintiff's chief executive office is located and which stated: "each party . . . waives any and all objections to jurisdiction or venue that it may have . . . ."); *Docksider, Ltd.*, 875 F.2d at 762 (finding mandatory a forum-selection clause which stated: "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.").

"[A] forum[-]selection clause is permissive when it merely shows that the parties have consented to jurisdiction in a particular locale, but does not preclude litigation elsewhere." *Summit Foods*, 2018 WL 4690364, at *2 (citing *Docksider, Ltd.*, 875 F.2d at 764); *see, e.g.*, *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76–78 (9th Cir. 1987) (finding permissive a forum-selection clause which stated: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."); *Thabet Mgmt., Inc.*, 2021 WL 2555127, at *4 (finding permissive a jurisdiction clause which stated: "It is agreed . . . the Insurer and the insured will submit to the jurisdiction of the State of New York . . . Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's rights to remove an action to a [U.S.] District Court.").

Here, Section 20.1 of the Agreement provides, in relevant part:

> The Agreement shall be construed under, and governed by, the laws of the State of New York. The parties agree that jurisdiction and venue for any legal proceeding arising from or in any way connected to this Agreement will lie in the State of New York, and both parties hereby submit to the jurisdiction and venue of said courts. If any portion of this Agreement itself is contrary to law, the remaining provision shall remain valid.

4

(ECF No. 4 at 5; ECF No. 4-3 at 18; ECF No. 5 at 4.)  Because § 20.1 provides "that jurisdiction and venue for *any legal proceeding*" will lie in the State of New York and states that the parties "submit to the jurisdiction and venue of said courts," the Court finds § 20.1 specifies venue with mandatory language.  *See Cooley*, 2020 WL 7230985, at *3.  The Court therefore finds § 20.1 to be a mandatory forum-selection clause.[1]  The Court will next turn to an analysis of whether the clause itself is valid.

### B.  Validity of the Forum-Selection Clause

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Atl. Marine*, 571 U.S. at 62 (footnote omitted).  A forum-selection clause is prima facie valid and should not be set aside unless the party challenging enforcement can show it is unreasonable under the circumstances.  *M/S Bremen v. Zapata Off-Shore Co.* (*Bremen*), 407 U.S. 1, 10 (1972).  A forum-selection clause is unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power"; (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court"; or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought."  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen*, 407 U.S. at 15, 18) (internal quotations omitted); *see also Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019).

Defendant argues the forum-selection clause "would not contravene strong public policy of the forum in which it is sought," and litigation in New York would not be so difficult and inconvenient such that Plaintiff would be deprived of its day in court.  (ECF No. 4 at 6 (citing

---

[1]  The Court also finds Defendant is correct that § 20.1 of the Agreement "is just as mandatory as the forum-selection clause language reviewed and analyzed . . . in *Atlantic Marine*" (ECF No. 8 at 3), and therefore should be enforced.  The clause in *Atlantic Marine* noted that all disputes between the parties "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the [U.S.] District Court for the Eastern District of Virginia, Norfolk Division."  571 U.S. at 53 (internal quotations omitted) (citing *In re Atl. Marine Constr. Co.*, 701 F.3d 736, 737–38 (5th Cir. 2012)).

5

*Bremen*, 407 U.S. at 18).)  Defendant also asserts Plaintiff has not challenged either the validity or enforceability of the forum-selection clause.  (ECF No. 8 at 5.)

Plaintiff in opposition does not argue the contract was the "result of fraud, undue influence, or overweening bargaining power" or that the U.S. District Court for the Eastern District of New York, the Southern District of New York, or the Western District of Texas is so inconvenient that Plaintiff "will for all practical purposes be deprived of its day in court."  (*See* ECF No. 5); *see also Argueta*, 87 F.3d at 325.  However, Plaintiff does contend the "Eastern District has an overriding interest in the outcome of this case," as "improper and injurious actions by a non-resident against a California plaintiff should not be rewarded by transferring the action to a forum with no connection to such claims — i.e., New York or Texas."  (ECF No. 5 at 6–7.)  Plaintiff maintains "[a] state generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries by non-resident actors."  (*Id.* at 7 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)).)

Here, the Court recognizes that California may have an interest in adjudicating this case given the alleged injury to one of its residents.  However, Plaintiff has not established that courts in New York are in any way unable to adjudicate its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, or that the State of New York does not also have an interest in the fair adjudication of these cases.  Additionally, Plaintiff does not point to any public policy cautioning against transferring run-of-the-mill state law claims to another state.  The Court therefore finds enforcement of § 20.1 would not "contravene a strong public policy of the forum in which the suit is brought."  *Argueta*, 87 F.3d at 325.

Accordingly, the Court finds the forum-selection clause is prima facie valid.

### C. Whether the Forum-Selection Clause Requires Transfer

In a § 1404(a) analysis, the Court first determines whether the case could have been brought in the transferee forum and then considers the convenience of the parties and witnesses and the interest of justice.  28 U.S.C. § 1404(a).  Courts looks to several factors to determine where the interests of justice and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence,

(5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)); *see also Jones*, 211 F.3d at 498–99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

Where the forum-selection clause is found to be valid, the Court must adjust its usual § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. This means a district court should consider arguments only about public-interest factors. *Id.* As these factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases . . . [which] will not be common." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules — a factor that in some circumstances may affect public-interest considerations." *Id.*

Defendant in its motion does not explicitly consider the § 1404(a) factors. Plaintiff in opposition, however, addresses four factors. As a preliminary matter, the Court declines to consider the factors relating to the parties' private interests — namely plaintiff's choice of forum, convenience of the parties, and convenience of the witnesses — because there is a valid forum-selection clause. The Court will consider each in turn.

With respect to relative court congestion, Plaintiff argues the level of congestion in the Southern and Eastern Districts of New York make a transfer to either court unreasonable, because both of those courts have a higher number of pending cases than the Eastern District of California. (ECF No. 5 at 6.) Plaintiff notes that as of June 30, 2020, the Southern District of

7

1  New York had 18,354 cases pending, the Eastern District of New York had 11,815 cases pending,
2  and the Eastern District of California had 7,440 cases pending.  (*Id.*)  The Court agrees with
3  Defendant's argument in reply — Plaintiff has not proven that either district court in New York is
4  incapable of managing its docket and there are more judges appointed to the bench in those courts
5  compared to the Eastern District of California.  (ECF No. 8 at 8.)  Additionally, the Chief Judge
6  of the Eastern District Court of California, Judge Kimberly J. Mueller, testified before the House
7  Judiciary Committee earlier this year on the need for new federal court judgeships and noted the
8  Eastern District of California's average caseload per judgeship is 1,224, compared to a national
9  average of 734.  *Hearing on The Need for New Lower Court Judgeships, 30 Years in the Making*,
10  117th Cong. 2–3 (2021) (statement of Kimberly J. Mueller, Chief Judge, U.S. District Court,
11  Eastern District of California), available at
12  http://www.caed.uscourts.gov/caednew/assets/File/Chief%20Judge%20Kimberly%20J_%20Muel
13  ler's%20Written%20Statement_2_21.pdf (last accessed Aug. 9, 2021).  Chief Judge Mueller also
14  remarked the Eastern District has qualified for judicial emergency status for at least 20 years,
15  showing the need for more judgeships.  *Id.*  The Southern and Eastern Districts of New York have
16  also qualified for judicial emergency status.  U.S. Courts, *Judicial Emergencies*, available at
17  https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies (last
18  accessed Aug. 9, 2021).  The Court therefore finds this factor to be neutral.
19      With respect to local interest in the controversy, Plaintiff argues the Eastern District of
20  California has a public interest in the outcome of this case because one of its residents was
21  allegedly harmed by a non-resident.  (ECF No. 5 at 6.)  As noted previously, the Court finds
22  Plaintiff's argument unpersuasive, as it has not established New York courts cannot adjudicate its
23  claims, that the State of New York does not have an interest in fair adjudication, or that there is
24  any public policy cautioning against transfer.  The Court also agrees with Defendant that while
25  this district may have an interest in this controversy, this factor alone "does not rise to the level of
26  suggesting that this is an extraordinary case" that would defeat a motion to transfer with a valid
27  forum-selection clause.  (*See* ECF No. 8 at 9); *see also Atl. Marine*, 571 U.S. at 64.  The Court
28  finds this factor neutral as well.

With respect to the familiarity of the forum with the applicable law, Plaintiff concedes that any differences in California and New York law with respect to these "straightforward breach of contract and breach of the implied covenant of good faith and fair dealing" claims is minimal. (*Id.*) Defendant asserts there are no conflict of law issues that will "materially affect" the laws applied in this case. (ECF No. 8 at 9.) The Court agrees and finds this factor to be neutral.

With respect to any burden on jury members, Plaintiff argues "the citizens of the Eastern District have a substantial interest" regarding the alleged "wrongful conduct" and there is no unfair burden on them, as all of the events giving rise to Plaintiff's claims occurred in this district, the Agreement was performed in this district, and the alleged breaches occurred in this district. (ECF No. 5 at 7.) Defendant notes the relevant question here is not the burden on potential jury members in the Eastern District of California, but rather "whether it would be unfair to burden the citizens of the agreed-upon forum, New York, with jury duty in this matter due to its lack of local connection." (ECF No. 8 at 9.) The Court agrees with Defendant that Plaintiff has not adequately demonstrated this factor weighs in Plaintiff's favor. (*Id.*)

The parties' briefing does not address the ease of access to evidence or the feasibility of consolidation with other claims. (*See* ECF Nos. 4, 5, 8.) The Court will therefore consider those factors to be neutral.

Based on the foregoing, the Court finds Plaintiff has not demonstrated the public interest factors weigh so heavily as to defeat the instant transfer motion. This case is not such an unusual case such that the valid forum-selection clause should not control. *See Atl. Marine*, 571 U.S. at 64.

**IV.  CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Change Venue. (ECF No. 4.) The parties are instructed to file a stipulation and proposed order to the Court indicating to which court within the State of New York this action will be transferred.

///

///

///

1    IT IS SO ORDERED.

2    DATED: August 31, 2001

Troy L. Nunley
United States District Judge